IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN KERFOOT | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 4:22-cv-00920 |
| v. | § | |
| | § | |
| WEATHERFORD INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| | § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGNAL COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff John Kerfoot ("Plaintiff" or "Kerfoot Laird") hereby presents this, his Original Complaint against Defendant, Weatherford Independent School District ("WISD" or "Defendant") and for causes of action respectfully shows the Court as follows:

I.

Introduction

1. Plaintiff would show the Court that Defendant wrongfully discriminated against him on the basis of his disability under the Americans with Disabilities Act of 1990, 42 U.S.C. '12101, *et seq*, ("the ADA") and under the Texas Commission on Human Rights Act, Tex. Lab. Code Section 21.001 *et. seq*. (the "TCHRA").

II.

Parties

2. During all times mentioned in this Complaint, Plaintiff, John Kerfoot was and is a

resident of Texas, residing at 126 Coyote Run, Weatherford Texas, 76086. Plaintiff may be contacted through his attorney of record, Nicholas A. O'Kelly, Kilgore & Kilgore, PLLC, 3141 Hood Street, Suite 500, Dallas, Texas 75219.

3.   Defendant, Weatherford Independent School District is a public school district with offices located at 823 South Bowie Dr. Weatherford, TX 76086 and may be served through the Attorney General's Office for the State of Texas.

### III.

### JURISDICTION AND VENUE

4.   Pursuant to 28 U.S.C. §1331, jurisdiction is appropriate in the United States District Court for the Northern District of Texas, as this action involves a question of the application of federal law, namely the Americans with Disabilities Act of 1990, 42 U.S.C. '12101, *et seq*.

5.   Plaintiff filed the instant action within 90 days of his receipt of the EEOC's issuance of a Notice of Right to Sue dated July 15, 2022.

6.   The Court also has supplemental jurisdiction over state law claims for disability discrimination under the TCHRA.

7.   Venue for all causes of action stated herein lies in the Northern District of Texas, Fort Worth Division, because the acts alleged in this complaint took place, in whole or in part, within the boundaries of this District pursuant to 28 U.S.C. '1391.

8.   Plaintiff is a qualified individual and was at all times relevant hereto, an employee within the meaning under the ADA.

9.   During all relevant times herein, WISD was a covered entity within the meaning under the ADA.

10.   During all relevant times herein, WISD was a covered entity within the meaning of

TCHRA.

## IV.

## FACTUAL ALLEGATIONS

11. Plaintiff was employed by WISD as a teacher of 7th and 8th grade Math and Science and also served as a football coach from July 2013 until his notice of termination on May 17, 2021.

12. Plaintiff is also a veteran from Operation Desert Shield/Storm from November 1990 through June 1991. As a result of his military service, Plaintiff has combat-related Post Traumatic Stress Disorder (PTSD). This is a permanent condition that affects one or more essential life functions. Consequently, Plaintiff is a covered employee under the Americans with Disabilities Act.

13. Plaintiff fully disclosed his disability to the Head Coach and Superintendent at the time of his hire. Plaintiff also told Defendant that he needed a reasonable accommodation whenever he had a PTSD episode.

14. Specifically, Plaintiff told Defendant that he required a brief cool-down period after a PTSD episode. Plaintiff's condition was well known by the faculty and the student population. Mr. Kerfoot has taught at the Shirley Hall Middle School since 2013 and for several years, Defendant accommodated Plaintiff's condition without any hardship.

15. For the majority of this time, Plaintiff did not receive any criticisms or negative comments regarding his job performance. Plaintiff was an extremely popular teacher to both his co-workers and his students, who started a petition to reinstate him after learning that this teaching contract would not be renewed.

16. Plaintiff made no secret of his disability and approached the school about a reasonable accommodation. An informal accommodation was reached wherein Plaintiff, upon

experiencing symptoms of PTSD, would take time to briefly "cool off" after which he could then resume his teaching duties. At times this "cooling off" period would last less than a day. On other occasions he would have to stay home for 1-2 days and then return. During this time, his fellow teachers gladly covered for him. This accommodation allowed Plaintiff to continue to perform the essential functions of his job without posing any hardship to the Middle School.

17. This unofficial accommodation was well known and accepted by the school and the teaching staff, and remained in effect for years, without incident, until recently.

18. In the months prior to receiving notice of the non-renewal of his contract, Plaintiff received several meritless write-ups. These write-ups began after Plaintiff missed one day of work because of his PTSD. Defendant's head coach, William Mathis, wrote up Plaintiff for missing what he claimed to be an important date in the school's 2021 sports schedule. However, Plaintiff had received permission from his immediate supervisor a week before the date to be late or miss practice due to the stress of a previous PTSD episode in which he took a "cool down" and in which, he provided a note from his therapist stating such.

19. The principal, Ms. Stephanie Wynne, then got involved and sided with Mr. Mathis against Plaintiff. Plaintiff had previously filed a grievance against Ms. Wynne for not respecting his disability accommodation.

20. Plaintiff filed a grievance against the principal for no longer accommodating Plaintiff's disability.

21. On May 19, 2021, Defendant issued Plaintiff a "Notice of Non-Renewal of his teacher's contract. The May 7 'Notice of Non-Renewal' lists 11 different reasons for the ISD's actions, yet none of these listed reasons contain any specific facts, details, or even dates of the particular events in support of these listed reasons.

22. The sequence of events suggest that Plaintiff was punished because of his disability, and in retaliation for his filing a grievance against his Superintendent for failing to accommodate. He is unaware of any complaints that were made against him, and never received any warnings or counseling sessions.

23. Further evidence of retaliation appears in the unwarranted discipline and actions that the school took against Plaintiff to aggravate his disability. On one occasion, Defendant attempted to put Plaintiff in charge of the cafeteria, which he had said would aggravate his disorder due to the excessive noise in one setting. It was only after he complained that he was allowed to move into a different, less stressful position.

24. On another occasion, Defendant punished Plaintiff for taking a personal call while at school. At the time, he had full coverage from his coworkers. Yet, this was raised as a terminable offense. Plaintiff believes and therefore asserts that the prohibition against personal calls during school days is inconsistently enforced and rarely leads to immediate termination.

## CAUSES OF ACTION

### AS TO THE FIRST CAUSE OF ACTION

### DISABILITY DISCRIMINATION IN VIOLATION OF CHAPTER 21 OF THE TEXAS LABOR CODE AND THE ADA

25. The foregoing paragraphs of this Petition are incorporated in this Count by reference as if set forth at length herein.

26. Plaintiff has a covered disability under the ADA. Weatherford ISD is a covered employer under the same Act. The ISD has waived any sovereign immunity under Title VII and may be sued in federal court if this matter is not resolved. Plaintiff was unfairly terminated de to his disability and in relation for his filing a grievance with the defendant,

27. Plaintiff filed a charge of discrimination with the EEOC on or about September

14, 2021. After filing his charge, Plaintiff waited 180 days and requested a Notice of Right to Sue from the EEOC. The EEOC issued Plaintiff a Notice of Right to Sue on or about July 15, 2022. Plaintiff filed the instant lawsuit within 90 days of receipt thereof.

28. Plaintiff was and is a qualified individual for the job he was terminated from. With reasonable accommodation to attend medical appointments, Plaintiff can perform the essential functions of his job without any undue hardship to the Defendant.

29. Defendant took an adverse employment action against Plaintiff on account of his disability. Specifically, Defendant failed to accommodate Plaintiff's actual disability by permitting his continued employment with reasonable accommodations to attend medical appointments. In fact, Defendant violated the ADA and Texas Human Rights Act, Texas Labor Code §21.001 *et seq*, by discharging and discriminating against Plaintiff because of his disability after he requested a reasonable accommodation.

30. Defendant violated the ADA and the TCHRA by discharging Plaintiff and/or discriminating against Plaintiff in connection with compensation, terms, conditions, or privileges of employment because of Plaintiff's record of actual or perceived disability.

31. Such discrimination by Defendant against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages from Defendant for lost wages, pecuniary losses, emotional pain and suffering, inconvenience, and other non-pecuniary losses. Further, this discrimination was done by Defendant with malice or with reckless indifference to Plaintiff's state-protected rights. Plaintiff therefore is also entitled to recover punitive damages in a sum which is in excess of the minimum jurisdictional limit of this Court. Plaintiff is also entitled to recover all costs of court, attorneys' fees, and expert fees as allowed by Texas Labor Code Ann. §21.259.

32. Plaintiff is entitled to an award of attorney's fees, expert fees, and costs under the ADA and state law.

## V.

## AS TO THE SECOND CAUSE OF ACTION

## <u>UNLAWFUL RETALIATION IN VIOLATION OF CHAPTER 21 OF THE TEXAS LABOR CODE AND THE ADA</u>

33. The foregoing paragraph the foregoing paragraphs are incorporated herein as though fully set forth.

34. Defendant terminated Plaintiff's employment contract in retaliation for his protected activity of filing agreements alleging that he was mistreated based upon his disability.

35. Defendant's refusal to renew Plaintiff's teaching contract was in retaliation for Plaintiff's grievances which constitute protected activity under the ADA and Chapter 21 of the Texas Labor Code in the termination of Plaintiff and violated the ADA and the TCHRA by retaliating and discharging Plaintiff and/or discriminating against Plaintiff in connection with compensation, terms, conditions or privileges of employment because of Plaintiff's record of actual or perceived disability.

36. Such discrimination by Defendant against Plaintiff was intentional. Accordingly, Plaintiff is entitled to recover damages from Defendant for lost wages, pecuniary losses, emotional pain and suffering, inconvenience, and other non-pecuniary losses. Further, this discrimination was done by Defendant with malice or with reckless indifference to Plaintiff's state-protected rights. Plaintiff therefore is also entitled to recover punitive damages in a sum

which is in excess of the minimum jurisdictional limit of this Court. Plaintiff is also entitled to recover all costs of court, attorneys' fees, and expert fees as allowed by Texas Labor Code Ann. §21.259.

37. Plaintiff is entitled to an award of attorney's fees, expert fees, and costs under the ADA and state law.

## JURY DEMAND

38. PLAINTIFF DEMANDS A TRIAL BY JURY.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff has and recover the following relief against Defendant:

(1) Judgment for actual damages in the amount of past and future lost earnings and benefits, damages to past and future earnings capacity, and past and future medical expenses;

(2) Judgment for past and future pecuniary losses, emotional pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses;

(3) Exemplary damages in an amount to be determined by the trier of fact;

(4) An award of liquidated and/or statutory damages in an amount equal to all lost wages, salary, employment benefits and privileges, and other compensation lost as a result of Defendant's wrongful conduct in the amount proven at trial;

(5) An order by the Court reinstating Plaintiff as an employee of the Defendant in a similar position with similar pay and benefits to that from which she was wrongfully terminated, or, in the alternative, future pay in an amount to be determined by the Court;

(6) Prejudgment and post-judgment interest at the maximum legal rate;

(7) Attorney's fees;

(8) Expert's fees;

(9) All costs of court; and

(10) Such other and further relief to which Plaintiff may be justly entitled.


Dated: October 13, 2022

        Respectfully Submitted,

        **KILGORE & KILGORE, PLLC**

        By:   */s/ Nicholas A. O'Kelly*
        NICHOLAS A. O'KELLY
        State Bar No. 15241235
        nao@kilgorelaw.com
        **KILGORE LAW CENTER**
        3141 Hood St. Ste 500
        Dallas, Texas 75219
        (214) 379-0810 - Telephone
        (214) 379-0848 - Fax

        **ATTORNEY FOR PLAINTIFF**
        **JOHN KERFOOT**